# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL V. DANE, | : | |
| Petitioner, | : | Case No. 2:08-cv-295 |
| v. | : | Judge Holschuh |
| MICHAEL SHEETS, Warden, | : | Magistrate Judge Kemp |
| Respondent. | : | |
| | : | |

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Dane ("Dane") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to overturn his state court convictions for reckless homicide, child endangerment, and possession of cocaine. Dane alleges that his convictions are unconstitutional and that he is illegally in custody because he is actually innocent of reckless homicide and the related child endangerment and cocaine possession charges, because his guilty plea was coerced, and because he was denied his right of allocution at his sentencing hearing. (Petition p. 13-18, doc. # 1.) The magistrate judge prepared a Report and Recommendation recommending that the petition be denied (doc. # 8), and this matter is now before the Court on Dane's Objections to the Report and Recommendation (doc. # 9). Pursuant to 28 U.S.C. § 636(b) the Court has reviewed this case de novo, and for the following reasons Dane's Objections are **OVERRULED**. The Report and Recommendation is **ADOPTED**, and the petition is **DISMISSED**.

**I.    Background**

At 2:30 a.m. on February 23, 2006, Dane was in his detached garage working on his car when he heard suspicious noises resembling footsteps and jangling keys outside his garage.

Believing that someone was outside his garage, Dane got in his car, drove to his front door, entered his house, and retrieved a shotgun and shells from the kitchen. He then woke his wife and two children and told them that he believed someone who may wish to harm them was outside. The family then heard footsteps on the roof of the house, prompting Dane to retrieve a high powered assault rifle from his gun safe. After loading the rifle he handed the shotgun to his wife and told her and the children to stay in his bedroom. His wife called 911 and stated that she heard people on top of the house while Dane went through the house turning off all the lights. After turning off the lights Dane took up a position watching both doorways into the bedroom, and when he thought he saw someone attempting to enter the bedroom, he fired.

Rather than an intruder, Dane's bullet struck his wife as she was attempting to leave the bedroom. The bullet struck near her hip as she was bending over and then ricocheted off her hip bone and entered her chest cavity, striking a major artery and piercing her lung. Dane realized what had happened, and instructed his daughter to put pressure on his wife's side. His daughter also called 911 and informed the dispatcher that Dane had accidentally shot his wife, and that she still heard footsteps on top of the house. Dane continued to search for possible intruders, and fired his rifle at what he thought was a laser sight on the window of the back door and at what he thought was a person in his son's bedroom. Shortly thereafter the police arrived at Dane's house, and when he went outside to meet them Dane was arrested and taken to jail. Dane gave a statement to the police that corresponded to the events described above. He was then told that his wife had died. (Petition p. 4-7, doc. # 1.)

The Athens County grand jury indicted Dane on charges of involuntary manslaughter,

reckless homicide, endangering children, illegal cultivation of marijuana, and cocaine possession.[1]
After the involuntary manslaughter and illegal cultivation of marijuana charges were dropped, Dane pled guilty to the remaining counts on August 8, 2006 and was sentenced to eight years incarceration. Dane did not timely file a direct appeal, but after retaining new counsel he filed on May 3, 2007 a motion for leave to file a delayed appeal in the Fourth District Court of Appeals. In support of that motion Dane asserted that he did not timely file a direct appeal because he was unaware of his right to an appeal.

On the merits of his delayed appeal, Dane argued that he was innocent of reckless homicide due to the law of self defense and that his prior attorney never explained self defense to him. Dane also argued that his guilty plea was involuntary and that he was denied an opportunity for allocution during his sentencing hearing. The court of appeals, however, on May 31, 2007 found that Dane's claim that he was unaware of his appeal rights was not credible and that he had failed to establish good cause for his late filing, and dismissed the appeal without reaching the merits. Dane then appealed to the Supreme Court of Ohio, which declined jurisdiction and dismissed the appeal on October 31, 2007.

Dane then sought a federal writ of habeas corpus. In a petition executed by Dane on March 24, 2008 and filed on March 28, 2008 Dane alleged that he was in custody in violation of federal law based upon the following four grounds for relief:

---

[1] The involuntary manslaughter and reckless homicide charges were based on Dane's shooting of his wife, while the fact that he was under the influence of cocaine when he did so supported the cocaine possession charge. Furthermore, after arresting Dane, police officers searched the premises and found marijuana being grown in Dane's garage, which supported the cultivation charge. The child endangerment charges stemmed from the fact that Dane repeatedly discharged a high powered assault rifle in close proximity to his minor children. (Return of Writ ex. B p. 11, doc. # 5-2.)

> First Ground for Relief: Michael V. Dane was denied his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when the undisputed facts presented at the state court proceeding show he is actually innocent of the homicide charges in the Indictment, and the related counts.
>
> Second Ground for Relief: Michael V. Dane was denied his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when the facts at his plea hearing show his plea was coerced.
>
> Third Ground for Relief: Michael V. Dane was denied his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when the record reveals he was denied his right to allocution.
>
> Fourth Ground for Relief: A state court of appeals commits prejudicial error in denying a motion for delayed appeal without reaching the merits, contra the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution, where the record demonstrates during the course of a guilty plea the plea was coerced, no allocution was permitted, and the primary count fails to state an offense.

(Petition pp. 7, 9, 10, 11, doc. # 1.)

On March 19, 2009 the magistrate judge recommended dismissing Dane's petition. Although the respondent had argued that the petition should be dismissed as barred by the Antiterrorism and Effective Death Penalty Act's one year statute of limitations, see 28 U.S.C. § 2254(d)(1) (Resp. Mot. Dismiss, doc. # 5), the magistrate judge found that it was not necessary to decide this issue because Dane's grounds for relief lacked merit. (Report and Rec. p. 7, doc. # 8.) The magistrate judge found that Dane's first ground for relief was a freestanding claim of actual innocence that, pursuant to Herrera v. Collins, 506 U.S. 390, 400-405 (1993), failed to merit habeas relief. (Id. p. 8-11.) Addressing Dane's second and third grounds for relief, the magistrate judge held that the record clearly showed that Dane voluntarily pled guilty, and that he was not denied allocution both because the record showed that he elected not to make a statement and because there is no right to allocution under the United States Constitution. (Id. p. 11-19.) Finally, the magistrate judge found that Dane's fourth ground for relief did not raise an issue appropriate for habeas review

4

because it did not challenge the fact or duration of Dane's confinement. (Id. p. 19-20.) Dane then timely filed his Objections. (Obj., doc. # 9.)

## II. Dane's Objections

As an initial matter, this Court agrees with the magistrate judge that it is unnecessary to address the statute of limitations issue. The AEDPA's statute of limitations is not jurisdictional, see Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), and even assuming that Dane's petition is timely, it can be denied on the merits.

### A. First Ground for Relief

Dane's first ground for relief alleges that his incarceration violates the Constitution because he is actually innocent of reckless homicide because he was acting in self defense, as under Ohio law "[t]he accidental killing of an innocent party by one acting in self-defense against an attack by another is not a crime[.]" (Id. p. 5 (quoting State v. Clifton, 32 Ohio App. 2d 284 (syllabus), 290 N.E.2d 921 (1st Dist. 1972).) Dane requests that this Court declare his convictions void, and asserts that "[a] showing of 'actual innocence' gives [t]his Court jurisdiction, and a legal basis to remand this case back to the trial court for an order dismissing the homicide charges and the related counts." (Pet. p. 7-8, doc. # 1.) As noted, the magistrate judge recommended dismissing this ground because it alleges a freestanding claim of actual innocence, which is not an appropriate issue for habeas corpus relief. (Report and Rec. p. 8-11, doc. # 8.) Dane objects to this recommendation, and points to several alleged constitutional violations that "support the separate free standing claim." (Obj. p. 6, doc. # 9.) Dane's position, however, reveals a misunderstanding of what a claim of actual innocence can accomplish on habeas.

The Supreme Court has recognized that a persuasive claim of actual innocence can act as a

"gateway" through which defaulted or otherwise barred constitutional claims can pass. This then allows those defaulted constitutional claims, *not* the actual innocence claim, to be considered on their merits by a federal habeas court. See, e.g., Herrera, 506 U.S. at 404. Thus, even when a petitioner makes a persuasive showing of actual innocence, that alone does not entitle the petitioner to habeas relief. Rather, after demonstrating actual innocence, the petitioner must still establish an additional, independent constitutional violation in the state court proceedings in order to merit habeas relief. See Schlup v. Delo, 513 U.S. 298, 315 (1995) ("[Petitioner's] claim of innocence does not by itself provide a basis for relief. Instead, his claim for relief depends critically on the validity of his [other constitutional] claims"). For the purposes of federal habeas corpus, showing actual innocence is merely a way to enable a court to review otherwise barred constitutional claims on their merits, *not* a way to request invalidation of a conviction. The Supreme Court in Herrera established that a claim of actual innocence cannot itself be used to attack a conviction. See 506 U.S. at 400.

Dane's petition is clearly attempting to invalidate his state court conviction based on his asserted innocence. Dane asserts that none of his other constitutional claims are procedurally barred, and argues that his second, third, and fourth grounds for relief can and should be considered on their merits. If that is the case, however, then there is no need to establish a claim of actual innocence at all, because there is no procedural bar to remove to consider Dane's other grounds for relief. Rather than attempting to use his innocence claim as a gateway enabling this Court to consider otherwise barred claims, Dane is asking this Court to invalidate his state court conviction based purely on an allegation of innocence. Herrera, however, makes it clear that Dane's asserted innocence is not by itself a basis for relief. The showing of innocence must support and provide access to the *other* constitutional claims - not the other way around, as Dane argues.

Furthermore, contrary to Dane's assertion that "an actual innocence claim is clearly present" (Obj. p. 7, doc. # 9), Dane has not alleged "actual innocence" at all. The Supreme Court has made it clear that the phrase "actual innocence" refers to claims of *factual* innocence, as opposed to claims of *legal* innocence. See Calderon v. Thompson, 523 U.S. 538, 559 (1998); Sawyer v. Whitley, 505 U.S. 333, 339 (1992). To properly allege factual innocence, a petitioner must "claim that he did not commit the acts forming the basis for his conviction," Ross v. Berghuis, 417 F.3d 552, 555 (6th Cir. 2005), and the claim must be supported by new reliable exculpatory evidence, such as scientific evidence or new eyewitness testimony, Schlup, 513 U.S. at 324. A claim of legal innocence, on the other hand, alleges that the evidence is insufficient to sustain a conviction, that the acts undertaken do not constitute a crime, or that some other legal error in the proceedings precludes a conviction.

Dane's arguments concerning the law of self defense do not establish a claim of actual innocence. Dane admits that he committed the acts that formed the basis of his conviction: he does not deny that he fired the bullet that struck and killed his wife. He offers no new evidence establishing that his wife died as a result of some other act or event, as Schlup requires. Rather, Dane claims that his acts are excused or justified by the legal doctrine of self defense. The Sixth Circuit has recently held, however, that claims of innocence based on self defense are claims of legal innocence, not claims of actual, factual innocence. See Harvey v. Jones, 179 F. App'x. 294, 298-99 (6th Cir. 2006). Dane's claim, based on the law of self defense, is clearly a claim of legal innocence, as opposed to actual, factual innocence.

As such, it does not matter whether his innocence claim is freestanding or not, as Dane argues in his Objections. If it is a freestanding claim that Dane is attempting to use to invalidate his conviction, it is meritless under Herrera. If it is not and Dane is attempting to use it as a Schlup

7

gateway through which other procedurally barred claims can pass, that attempt fails because it is not a claim of actual, factual innocence. Dane's first ground for relief does not merit habeas relief, his Objections as to this ground are **OVERRULED**, and the magistrate judge's recommendation is **ADOPTED**.

      **B.**      **Second Ground for Relief**

Dane's second ground for relief asserts that his guilty plea was involuntary and coerced. Dane points to an instance during his guilty plea colloquy with the trial judge in which the judge, according to Dane, asked whether he had been threatened or forced into pleading guilty, to which Dane responded "yes." (Petition p. 9, doc. # 1.) The magistrate judge, after correctly setting forth the applicable law, recommended denying this ground for relief and cited to multiple instances in which Dane affirmatively told the trial judge that he was in fact voluntarily pleading guilty. (Report and Rec. p. 15-17, doc. # 8.) Dane objects, and argues that the record clearly shows that he was acting under duress and that his plea was not voluntary. (Obj. p. 8-9, doc. # 9.)

This Court, however, agrees with the magistrate judge's conclusions. At his guilty plea hearing, Dane repeatedly indicated that he was voluntarily entering a plea of guilty. He told the trial judge that he had read the plea of guilty form, reviewed it, understood its contents, and voluntarily signed it. (Report and Rec. p. 15, doc. # 8.) He told the trial judge that he was voluntarily pleading guilty, and that no one had promised him anything in return for his guilty plea, and also that he admitted the factual allegations against him. (Id. p. 16.)

The single "yes" answer upon which Dane relies, moreover, does not support Dane's position when viewed in context. The trial judge asked Dane if he was voluntarily pleading guilty, to which Dane replied "yes," and then the trial judge asked "[a]nd nobody has threatened you, forced you,

8

or in any way caused you to plead guilty to these counts against your will?" Dane responded "yes." In light of all his previous responses, Dane's "yes" in response to this question can most plausibly be read as him saying "yes, no one has threatened me." Dane now argues that he was saying "yes, someone threatned me," but in light of the entire record Dane's argument is not credible. This single "yes" response does not indicate coercion or a lack of voluntariness, given 1) Dane's previous responses and 2) that immediately after this "yes" response Dane *again* clearly told the trial judge that he was voluntarily pleading guilty and that he understood the consequences of his plea. (Id. p. 17.) The Court agrees with the magistrate judge that, in light of the whole record, Dane's current arguments that his plea was involuntary is disingenuous. Dane's Objections as to this ground are **OVERRULED**, and the magistrate judge's recommendation is **ADOPTED**.

### C. Third Ground for Relief

Dane's third ground for relief argues that he was denied an allocution during his guilty plea hearing because, after the trial judge asked him if he had anything to say, he mumbled something and his attorney then said that he had nothing to say. (Petition p. 10, doc. # 1.) The magistrate judge, after correctly setting forth the relevant law, recommended denying this claim because the record reflects that Dane elected not to make a statement in response to the trial judge's question, and because there is no right to allocution under the United States Constitution. (Report and Rec. p. 18, doc. # 8.) Dane objects and concedes that there is no federal constitutional right to allocution, but argues that Ohio law establishes that it is reversible error for a trial court to deny a defendant allocution. (Obj. p. 10, doc. # 9.)

This Court is not persuaded by Dane's objections. Federal habeas relief is only available to correct a violation of *federal* constitutional rights, and state law issues are not subject to habeas

9

review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Even if Dane had been denied allocution, that would not entitle him to federal habeas relief. Moreover, the record shows that the trial judge clearly offered Dane an opportunity for allocution, but Dane responded incoherently and his attorney then indicated that Dane had nothing to say. (Report and Rec. p. 17-18, doc. # 8.) Dane was offered allocution but declined to take it. Dane's Objections as to this ground are **OVERRULED**, and the magistrate judge's recommendation is **ADOPTED**.

### D. Fourth Ground for Relief

Dane's fourth ground for relief alleges that the state court of appeals improperly denied his motion for a delayed appeal and denied him his right to adequate appellate review. (Petition p. 11-12, doc. # 1.) The magistrate judge recommended denying this ground for relief because it addressed "a collateral matter unrelated to [Dane's] detention" and failed to raise an issue appropriate for habeas relief. (Report and Rec. p. 19-20, doc. # 8.) Dane has not objected to this recommendation, and the Court **ADOPTS** the magistrate judge's recommendation.

## III. Conclusion

For the above reasons, Dane's Objections (doc. # 9) to the magistrate judge's Report and Recommendation are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation, and **DISMISSES** Dane's petition for a writ of habeas corpus. (Doc. # 1.)

**IT IS SO ORDERED**.


Date: April 29, 2009                                **/s/ John D. Holschuh**
                                                    John D. Holschuh, Judge
                                                    United States District Court